# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5771 | **DATE** | 8/25/2004 |
| **CASE TITLE** | USA ex rel. Matthew Johnson vs. Karen McKinney | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Respondent's motion to dismiss (12-1) granted and Petitioner's motion requesting equitable tolling (18-1) denied. Petitioner's motion for leave to file exhibits (9-1) is granted *nunc pro tunc* 10/3/03. His motion to correct case citation (16-1) is also granted. Petitioner's motion for leave to amend (19-1) is granted, but as that motion argues the merits of his habeas petition, it does not alter the court's analysis here. Petitioner's motion requesting an order for law library access (20-1) is denied without prejudice as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 3 | **Document Number** |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG 27 2004 date docketed | | |
| | Docketing to mail notices. | | | 15 | 22 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT | 8/25/2004 | |
| ETV | courtroom deputy's initials | | 2004 AUG 26 PM 12:17 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | ETV | |
| | | | | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DOCKETED

AUG 2 7 2004

United States of America ex rel. )
MATTHEW JOHNSON, )
)
    Petitioner, )
)
    v. )     No. 03 C 5771
)
KAREN MCKINNEY, Warden, )     Judge Rebecca R. Pallmeyer
Pinckneyville Correctional Center, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

On January 29, 1998, following a jury trial, Petitioner Matthew Johnson was found guilty of

first degree murder, and the Circuit Court of Cook County sentenced him to 50 years in prison.

Petitioner appealed that judgment and, on September 24, 1999, the Appellate Court of Illinois, First

District, affirmed the conviction. *People v. Johnson*, 307 Ill. App. 3d 1070, 760 N.E.2d 1060 (1st

Dist. 1999). The Illinois Supreme Court denied leave to appeal on February 2, 2000. *People v.*

*Johnson*, 187 Ill. 2d 581, 724 N.E.2d 1272 (2000). On July 26, 2000, Petitioner filed a *pro se* post-

conviction petition in the Circuit Court of Cook County, which dismissed the petition.[1] On October

2, 2002, the Illinois Supreme Court denied leave to appeal. *People v. Johnson*, 201 Ill. 2d 592, 786

N.E.2d 192 (2002). By letter on that day, the Clerk of the Illinois Supreme Court informed

Petitioner that the Supreme Court had denied leave to appeal, and that "[t]he mandate of this Court

will issue to the Appellate Court on October 24, 2002."

Petitioner filed this petition for a writ of habeas corpus *pro se* on August 11, 2003 pursuant

---

[1]    Petitioner contends that he filed his post-conviction petition on July 26, 2000, but
that the circuit court did not stamp the petition as filed until September 13, 2000. (Petition, at 3.)
Respondent concedes that the notice page indicates that Petitioner did in fact sign the petition on
July 26, 2000. (Motion to Dismiss ¶ 18.) Regardless of the date on which Petitioner filed his post-
conviction petition, as discussed below, Petitioner does not dispute that he filed his habeas petition
in this court after the one-year limitation period had expired.



to 28 U.S.C. § 2254, and Respondent Karen McKinney promptly moved to dismiss the petition as untimely. On October 24, 2003, Petitioner filed a motion to strike Respondent's motion to dismiss on the ground that Respondent had miscalculated the statute of limitations. On November 12, 2003, Petitioner filed a Motion Requesting Equitable Tolling, in which Petitioner withdrew his October 24, 2003 motion to strike. For the reasons explained here, Petitioner's motion requesting equitable tolling is denied and his petition is dismissed.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a state prisoner has one year to file a habeas corpus petition seeking relief from a criminal conviction. The one year time begins to run on the last date on which: (1) the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, (2) an unconstitutional state-created impediment to filing the petitioner's application was removed, (3) "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

Petitioner concedes that only the first of the four options is available to him here, and that the one-year statute of limitations expired on July 22, 2003, 20 days before he filed his habeas petition in this court. (Motion to Dismiss ¶ 16; Motion Requesting Equitable Tolling ¶¶ 3-4, 15.)[2] He asks, however, that the limitations period be equitably tolled on three grounds: First, he contends, "a miscarriage of [j]ustice would result" if the court does not reach the merits of his claims. (Motion Requesting Equitable Tolling ¶ 1.) Second, he argues, he has limited legal

---

[2]    Respondent calculated 20 days based on Petitioner's assertion that he filed his post-conviction petition on July 26, 2000, rather than on September 13, 2000 as the circuit court date-stamp indicates. (Motion to Dismiss ¶ 18; see note 1 above.)

knowledge and did not receive a high school diploma. (*Id.* ¶ 12.) Finally, he insists, C. Rennison,[3] a paralegal at Pinckneyville Correctional Center, where Petitioner is being held, either intentionally or negligently misinformed him that he did not need to submit his petition until July 26, 2003. (*Id.* ¶¶ 13-14.) Specifically, as noted, on October 2, 2002, the Illinois Supreme Court Clerk informed Petitioner by letter that the Supreme Court had denied leave to appeal, and that "[t]he mandate of this Court will issue to the Appellate Court on October 24, 2002." Petitioner points to undated and unsigned handwritten remarks appearing on the face of this letter indicating that Petitioner should submit his petition 90 days prior to one year after October 24, 2002. (App. A to Motion Requesting Equitable Tolling.) Petitioner maintains that Ms. Rennison penned these remarks. (Motion Requesting Equitable Tolling ¶¶ 13-14.)

Our Court of Appeals has explained that "equitable tolling excuses delay when 'despite all due diligence the litigant is unable to obtain vital information bearing on the existence of his claim.'" *Johnson v. McBride*, – F.3d –, No. 04-1354, 2004 WL 1858368, at *2 (7th Cir. Aug. 20, 2004) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), relying on *Holmberg v. Armbrecht*, 327 U.S. 392 (1946)). Section 2244(d)(1)(D) codifies that doctrine. *Id.* The *Johnson v. McBride* court explained that events other than those identified in the statute "might justify delay, but only if they (a) are unrelated to the tolling criteria built into § 2244, and (b) show interference with a prisoner's ability to commence a collateral attack." *Id.* (citing *Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002), *reh'g denied*, 301 F.3d 839 (7th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003); *Taliani v. Chrans,* 189 F.3d 597 (7th Cir. 1999)). In *Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002), the Seventh Circuit explained that equitable tolling and equitable estoppel are not available to extend the filing deadlines where "[n]othing *prevented* [petitioner] from filing earlier, and no deceit by the state has been alleged . . .") (emphasis original). The Seventh Circuit has not held

---

[3]     Petitioner does not state Ms. Rennison's first name.

3

that the filing deadline in § 2244(d)(1) may never be equitably tolled, but it has observed that "it is unclear what room remains for importing the judge-made doctrine of equitable tolling into § 2244 claims, given the express tolling provisions incorporated in the statute." *Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004) (internal quotations marks and citations omitted).

This court finds that none of Petitioner's arguments provides a sufficient basis for equitable tolling. First, courts may not consider the merits of a petitioner's claim in the equitable tolling analysis. *Johnson*, 2004 WL 1858368, at *3 (citing *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003) (en banc)). Second, a petitioner's claims that he has limited education and lacks legal knowledge "do not constitute the kind of extraordinary circumstances that justify equitable tolling." *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). As to Petitioner's third claim, intentional or negligent misrepresentation by the law library's paralegal, the court finds that these actions did not interfere with Petitioner's ability to file a habeas petition in a timely manner. *See Johnson*, 2004 WL 1858368, at *2. As noted, Ms. Rennison allegedly directed Petitioner to file his petition by July 26, 2003, only four days after the statute of limitations actually expired. In his motion for equitable tolling, Petitioner asserts that he discovered Ms. Rennison's error on or about June 1, 2003; he offers no explanation for his failure to file his petition until nearly two-and-a-half months later. Notably, even armed with an understanding of his filing deadline in early June, Petitioner did not proceed until August 11, 16 days after the date Ms. Rennison told him he should submit his petition. The court also notes that Petitioner did not raise this argument either in his original petition or in his motion to strike.

## CONCLUSION

For the reasons stated here, the court grants Respondent's motion to dismiss (Doc. 12-1) and denies Petitioner's motion requesting equitable tolling (Doc. 18-1). Petitioner's motion for

4

leave to file exhibits (Doc. 9-1) is granted *nunc pro tunc* October 3, 2003. His motion to correct case citation (Doc. 16-1) is also granted. Petitioner's motion for leave to amend (Doc. 19-1) is granted, but as that motion argues the merits of his habeas petition, it does not alter the court's analysis here. Finally, Petitioner's motion requesting an order for law library access (Doc. 20-1) is denied without prejudice as moot.

ENTER:

Dated: August 24, 2004

REBECCA R. PALLMEYER
United States District Judge